UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

**FILED**
FEB 17 2006
CLERK

| | | |
|---|---|---|
| RAPID TAN, INC., D/B/A MIST'N GO TAN, | ) ) ) | CIV. 03-5119 |
| Plaintiff, | ) ) ) | MEMORANDUM OPINION AND ORDER |
| vs. | ) ) | |
| MIST-ON SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

Pending before the Court is a Motion for Default Judgment [doc. # 80], filed by the Plaintiff. The Plaintiff filed an affidavit from its president, along with other documents, in support of the motion. Also before the Court is the Plaintiff's motion to exclude the testimony and reports from one of the Defendant's purported experts [doc. #66]. For the reasons that follow, the Court grants the motion for default judgment and denies as moot the motion to exclude the testimony and reports of the purported expert.

## INTRODUCTION

The Notice of Removal of this diversity case was filed on November 28, 2003. On November 23, 2005, the Plaintiff filed a Motion for Entry of Default against the Defendant due to the Defendant's failure to comply with the Court's November 8, 2005 order requiring the Defendant corporation to retain substitute counsel and have counsel enter an appearance on its behalf. On November 29, 2005, the Court ordered the entry of the Defendant's default and authorized the Plaintiff to file a motion for default judgment and supporting materials. The Plaintiff has filed the motion for default judgment and the Court now is prepared to rule on the same.

## BACKGROUND

The facts surrounding the current motion for default judgment have been recounted in previous orders of the Court. Thus, the Court provides only a brief summary of the relevant circumstances. Both pro hac vice counsel and local counsel for the Defendant moved to withdraw as counsel in late October 2005. On November 8, 2005, the Court initially ordered all counsel for the Defendant to file affidavits outlining the reasons the counsel was unable to continue to represent the Defendant. The Court also granted the Defendant additional time to secure substitute counsel and have counsel enter an appearance in this matter, or to show cause why default should not be entered against it. The Court cautioned the Defendant that failure to have substitute counsel enter an appearance or show cause therefor could result in the Court granting the motions to withdraw and considering motions for entry of default, default judgment, or other sanctions.

On November 29, 2005, the Court granted the motions to withdraw as counsel, finding all counsel had shown good cause for the Court to permit them to withdraw. The Court noted the Defendant, at that time, had already had nearly eight weeks to secure substitute counsel and had failed to do so. In the same order, the Court granted the Plaintiff's motion for entry of default, concluding the Defendant's pro se status (due to counsel's withdrawal) put the Defendant in default and subjected it to default judgment in the Plaintiff's favor. The Court noted the drastic and somewhat disfavored nature of default judgments and held all pending matters in abeyance for two additional weeks to allow the Defendant to retain substitute counsel. The Court again stated that, if the Defendant failed to retain substitute counsel, the Plaintiff was authorized to file a motion for default judgment.

The Defendant again failed to retain counsel, and the Plaintiff filed the instant motion for default judgment. In support of the motion for default judgment, the Plaintiff filed the affidavit of Glenda Norman, the President of the Plaintiff corporation. The affidavit and attached documents calculate the damages, attorney fees, costs, and interest the Plaintiff seeks in this matter at $184,103.11.

## DISCUSSION

If a party "against whom a judgment for affirmative relief is sought" fails to "plead or otherwise defend" a case, and "that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Once a default is entered, "the party entitled to a judgment by default" may move the Court for entry of default judgment. Fed. R. Civ. P. 55(b). However, the Court must be cautious not to abuse its discretion in granting default judgment, as there exists a strong judicial policy against default judgments and a preference for adjudication on the merits. Oberstar v. FDIC, 987 F.2d 494, 504 (8th Cir. 1993). "The entry of judgment by default is 'only appropriate where there has been a clear record of delay or contumacious conduct.'" Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988) (quoting E.F. Hutton & Co. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972)).

In the present case, the Defendant failed or refused to obtain counsel to represent it for over four months. The Court has given the Defendant ample opportunity to find counsel and repeatedly has warned the Defendant of the consequences for failure to do so. The Defendant is now out of compliance with this Court's orders to secure counsel or otherwise defend this action. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996) (finding the defendant's failure to obtain substitute counsel, respond to discovery, and comply with court's orders provided ample basis for grant of default judgment). "In general, *pro se* representation

3

does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." Id. at 856. In fact, the Defendant's potential pro se status began the sequence of events leading to the default judgment entered this day. As noted above, the Defendant has failed to defend this action. The defendant also has failed to resist the entry of a default judgment. For these reasons, the Court concludes default judgment must be entered in favor of the Plaintiff.

The only remaining issue for this court is one of the appropriate amount of damages arising from the Defendant's default. Rule 55(b)(2) states, in relevant part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . .

"Moving for a default judgment, the plaintiff must prove its entitlement to the requested damages. In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment. When the damages cannot be calculated with relative simplicity, however, the court may order an evidentiary hearing." Flynn v. Mastro Masonry Contractors, 237 F. Supp. 2d 66, 69 (D.D.C. 2002) (citations omitted). "Federal Rule of Civil Procedure 55(b)(2) requires a hearing only if the court deems it necessary and proper to enable the court to enter default judgment." United States v. Ford 250 Pickup 1990 VIN No. 1FTHX26M1LKA69552, 980 F.2d 1242, 1246 (8th Cir. 1992). Because the damages the Plaintiff seeks are ascertainable from the affidavit and supporting materials the Plaintiff submitted along with the motion for default judgment, the Court does not find it necessary to hold an evidentiary hearing on the issue of damages. See Taylor, 859 F.2d at 1333. The affidavit and supporting materials show the total amount of damages is $184,103.11. The Court concludes these materials are sufficient evidence to support the award of damages in that amount.

4

## CONCLUSION

After considering the entirety of the case, and the materials submitted in conjunction with the motion for default judgment, the Court finds default judgment should be entered in favor of the Plaintiff for $184,103.11. Further, because the default judgment effectively ends this case, the Plaintiff's motion to exclude reports and testimony of the Defendant's expert will be denied as moot. For good cause appearing, it is hereby

ORDERED that the Plaintiff's Motion for Default Judgment [doc. #80] is GRANTED. The Court awards Plaintiff Rapid Tan, Inc., d/b/a Mist'N Go Tan, a default judgment for total damages in the amount of $184,103.11 against Defendant Mist-On Systems, Inc.

IT IS FURTHER ORDERED that the Plaintiff's motion to exclude the testimony and reports of one of the Defendant's purported experts [doc. #66] is DENIED as moot.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the Court will enter judgment in a separate document.

IT IS FURTHER ORDERED that the Clerk shall mail a copy of this Memorandum Opinion and Order and the Judgment in this case to the Defendant corporation at the following address:

Mist-On Systems, Inc.
3506 Blueberry Hill
Grapevine, TX 76051

Dated this 17th day of February, 2006.

BY THE COURT:

_____
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE